```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON
```

**RICARDO BROOKS GAMEZ,**
**Subordinate Group Victim,**

      **Plaintiff,**

v.                                    Case No. 2:08-cv-00328

**THE STATE OF NEW YORK,**
**CITY OF NEW YORK,**
**ALL PRIVATE ACTORS,**
**ALL PERSONS WITHIN OR NOT WITHIN THE GOVERNMENT,**
**CALIFORNIA,**
**LOS ANGELES,**
**THE STATE OF FLORIDA,**
**CITY OF MIAMI, known and unknown, et al.,**
**DOMINANT RACIAL OR ETHIC [sic] GROUP,**
**against a Subordinate Group,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is one of five civil actions filed by Plaintiff, who is proceeding *pro se*. Plaintiff provided a mailing address in New York City, which he identifies as a shoe store. He neither paid the filing fee of $350 nor applied to proceed without prepayment of fees or costs.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2), and notwithstanding payment of any filing fee, the court must dismiss a case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. A "frivolous" case has been defined as one which is based on an indisputably meritless

legal theory. <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A complaint should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp v. Twombly</u>, 127 S. Ct. 1955, 1968-69 (2007). While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." <u>Id.</u> at 1964-65. <u>Pro se</u> complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.

Plaintiff's complaint fails to comply with Rule 8(a)(2), *Fed. R. Civil P.*, in that it is not a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Plaintiff alleges that this court has subject matter jurisdiction because he raises a Federal claim, the complaint fails to establish that this court has personal jurisdiction over the defendants. The court notes that several of the defendants are protected by the Eleventh Amendment to the Constitution of the United States. The undersigned is unable to identify any connection between

2

Plaintiff's allegations, which are difficult to understand, and the Southern District of West Virginia.  It is apparent from the complaint that Plaintiff suffers from a serious mental impairment.

A "civil name search" of filings in United States District Courts indicates that Ricardo Brooks Gamez has filed more than thirty actions in New York, California, Florida and New Jersey.

The undersigned proposes that the presiding District Judge **FIND** that this action is legally frivolous and fails to state a claim upon which relief can be granted.  It is respectfully **RECOMMENDED** that the presiding District Judge dismiss this action with prejudice.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall

constitute a waiver of <u>de</u> <u>novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Chief Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

    <u>August 4, 2008</u>  
         Date

Mary E. Stanley  
United States Magistrate Judge